```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**LAJUAN S.L. LOWERY,**

                             **Plaintiff,**

      v.                                CASE NO. 21-3125-SAC

**LEAVENWORTH COUNTY SHERIFF'S DEPARTMENT, et al.,**

                             **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is in custody at the Leavenworth County Jail. He proceeds pro se, and his fee status is pending. The case is before the court for screening under 28 U.S.C. § 1915A.

#### Screening

Under § 1915A, the court must review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a complaint filed pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A pro se litigant must follow the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Although the court will read the complaint liberally, conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The complaint asserts three unrelated claims. In Count 1, plaintiff alleges that defendant Williams followed him around in court during a trial on April 9, 2021. He claims this violated his rights under the Fourth and Sixth Amendments, but he does not explain how he was injured.

In Count 2, plaintiff claims that three named defendants, a fourth named individual who is not a defendant, and two unknown named persons dragged and tased him and ripped his clothes off during a trial in August 2019.

In Count 3, plaintiff claims that unnamed medical staff has refused to place him back on his mental health medications and failed to treat him for diabetes upon his request in August 2019.

Approximately 85 pages of grievance materials are attached to the complaint. Much of this material appears to be irrelevant to any part of the complaint, and plaintiff makes no reference to any portion of it.

Because the complaint presents unrelated claims against different defendants, the court will direct plaintiff to submit an amended complaint. The amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a

complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). He must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

Plaintiff also must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure in filing the amended complaint. Rule 20 governs permissive joinder of parties and provides, in relevant part:

> (2) Defendants. Persons…may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim … may join ... as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."). *Id*. It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of

law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. Of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011)(to remedy misjoinder, the court has two options: (1) misjoined parties any be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).

Therefore, if the claims presented in this action are, as it appears, unrelated, plaintiff must present them in separate actions and will be required to pay a filing fee for each case.

In the amended complaint, plaintiff must set forth the transactions or occurrences which he intends to pursue in accordance with Rules 18 and 20 and must limit the facts and allegations to properly-joined parties and events. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions; and that a question of law or fact common to all named defendants will arise in the action.

Plaintiff must submit an amended complaint that (1) cites to relevant portions of the administrative remedies attached to the complaint; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim of a federal

constitutional violation and states a federal cause of action; and (4) alleges sufficient facts to show personal participation by each defendant.

If plaintiff fails to submit an amended complaint consistent with these directions, the court will decide this matter upon the current complaint.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **June 14, 2021,** to file an amended complaint that complies with the directions contained in this order.

**IT IS SO ORDERED.**

DATED:  This 14th day of May, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge