```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**LAJUAN S.L. LOWERY,**

                                **Plaintiff,**

        v.                                               CASE NO. 21-3125-SAC

**LEAVENWORTH COUNTY SHERIFF'S DEPARTMENT, et al.,**

                                **Defendants.**

## MEMORANDUM AND ORDER

By its order entered May 14, 2021, the court advised plaintiff that his original complaint appeared to assert unrelated claims and directed him to file an amended complaint.

On May 27, 2021, plaintiff filed an amended complaint in which he names the Leavenworth County Sheriff's Department as the sole defendant. He attaches a list of 15 grounds for relief, including deliberate indifference to medical needs, excessive force, assault, and battery. He does not identify any specific facts to support these claims, instead directing the court's attention to attached exhibits.

The court has examined the amended complaint and finds the following deficiencies. First, the Leavenworth County Sheriff's Department is not a proper defendant in this § 1983 action. *See Lindsey v. Thomson*, 275 F. App'x 744, 777 (10th Cir. 2007) (sheriff's departments are not usually legally suable entities); *Burnett v. Reno County Comm'n*, No. 18-3160-SAC, 2019 WL 1000882 at *2 (D. Kan. Mar. 1, 2019) ("Police departments ... are not

suable entities under § 1983, because they lack legal identities apart from the municipality.") (quotation marks and citations omitted).

Instead, plaintiff must amend the complaint to name individuals as defendants, and he must explain how the acts or omissions of each named defendant resulted in a violation of his federal rights.

Next, for a pleading to state a claim for relief, it must provide "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). The amended complaint submitted by plaintiff does not provide such a statement. While the court will read plaintiff's pleadings liberally, it has no duty "to comb the record" to construct plaintiff's claims or arguments. *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000).

Accordingly, the court will direct plaintiff to submit a second amended complaint that complies with Fed. R. Civ. P. 18 and Fed. R. Civ. P. 20, as outlined in the court's order of May 14, 2021. The amended complaint must identify individual defendants and must set out allegations of fact that "explain what each defendant did to [plaintiff] ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

If plaintiff fails to comply with these directions, the court

will dismiss this matter without prejudice and without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **June 28, 2021,** to file a second amended complaint as directed herein.

**IT IS SO ORDERED.**

DATED:  This 2d day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge