```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**LAJUAN S.L. LOWERY,**

                      **Plaintiff,**

        **v.**                                            **CASE NO. 21-3125-SAC**

**ANDREW DEDEKE, et al.,**

                      **Defendants.**

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's second amended complaint and his motion to appoint counsel.

### The second amended complaint

The second amended complaint names fifteen defendants from the Leavenworth County Jail (LCJ) and Sheriff's Department. Plaintiff identifies the nature of the complaint as setting out violations of his rights during his incarceration in the LCJ from May to August 2018 and from April 2019 to the present.

The complaint states three grounds for relief: Count 1: Gross negligence; Count 2: Discrimination; and Count 3: Failure to protect. Plaintiff does not provide supporting facts concerning these claims and does not identify which of the defendants participated in each alleged violation of his rights or when they occurred. Instead, in each count, he writes "see grievances for statements, date, place, and names." However, no grievances are attached to the amended complaint.[1]

Finally, on a separate page, plaintiff states that four of the

---

[1] Plaintiff submitted grievances with the initial complaint. If he refers to those grievances, he is directed to advise the court whether he has access to that material.

named defendants were involved in dragging and tazing him, ripping his clothes off, and using excessive force in removing him from a courtroom. He again refers to grievances.

## Discussion

Because plaintiff is proceeding pro se, the court construes his complaint liberally and holds his pleadings to a less stringent standard than those drafted by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, plaintiff still must comply with federal pleading requirements. *Id*. at 1009. It "is not the proper function of the Court to assume the role of advocate for a pro se litigant", *Hall*, 935 F.2d at 1110; and the court should not "supply additional facts, [or] construct a legal theory… that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert denied*, 493 U.S. 1059 (1990).

Because the present complaint contains insufficient allegations of fact to allow the court to conduct a screening, the court will direct plaintiff to submit a third amended complaint that explains the facts supporting each of his grounds for relief, the names of the defendants involved, and when the events occurred. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)("to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated."). In addition, as set out fully in the court's order of May 14, 2021, the court reminds the plaintiff that the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*,

160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted).

## The motion to appoint counsel

Plaintiff moves for the appointment of counsel.

There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The court has considered the motion and declines to appoint counsel. Plaintiff has not yet provided a complaint that includes the necessary statement of facts to allow the court to determine whether this matter should proceed, and the court finds no ground to appoint counsel at this time.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **November 12, 2021,** to submit an amended complaint that explains the factual basis for plaintiff's claims for relief.

      IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 13) is denied.

**IT IS SO ORDERED.**

DATED:  This 12th day of October, 2021, at Topeka, Kansas.

                                      S/ Sam A. Crow

                                      SAM A. CROW
                                      U.S. Senior District Judge