```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS

LAJUAN S.L. LOWERY,

                        Plaintiff,

          v.                              CASE NO. 21-3125-SAC

ANDREW D. DEDEKE, et al.,

                        Defendants.
```

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's third amended complaint and, Leavenworth County Sheriff's Department's Martinez Report, and plaintiff's filings in response to the Martinez Report. (Docs. 19-25.)

I.  **Nature of the Matter before the Court**

In his third amended complaint, plaintiff names as defendants Leavenworth County Sheriff Andrew Dedeke and Leavenworth County Jail Nurse Melissa Wardrop. As the factual background for this complaint, Plaintiff alleges that from April 29, 2019 through the present day, defendants denied him "medical services for physical inju[r]ies and mental health as well as medications." (Doc. 19, p. 6.) As the court found in its prior order, a single claim has survived the court's review thus far: that the defendants failed to provide constitutionally adequate medical care for plaintiff's mental health condition during his incarceration at Leavenworth County Jail. (See Doc. 20.) As relief, Plaintiff seeks damages of

1

$4.7 million and the removal of defendants from their positions at the jail.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When conducting this screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). As noted above, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

**III. Discussion**

This matter is subject to dismissal because Plaintiff has failed to sufficiently allege a physical injury or the commission of a sexual act. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). This statute applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). Liberally construing the complaint, plaintiff has alleged that he has suffered from untreated physical injuries. (Doc. 19, p. 6.) But he does not allege any physical injury that was caused by the denial of mental health services or mental health medication. Thus, this matter is subject to dismissal, as he has failed to allege facts that plausibly support a claim on which relief can be granted.

Additionally, the court would dismiss this matter as against defendant Dedeke because plaintiff has failed to sufficiently allege Dedeke's personal participation in the acts or inactions upon which the complaint is based. See K*entucky v. Graham*, 473 U.S. 159, 166 (1985); *Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). The operative complaint alleges that "Dedeke has yet to respon[d] to [plaintiff's] requests made to him or take action to ensure that the plaintiff has the proper medical treatment by his staff." (Doc.

19, p. 6.) But an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation as required for a claim under § 1983. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Thus, Plaintiff has failed to allege sufficient facts to support a § 1983 claim against Dedeke.

Next, the matter is subject to dismissal because Plaintiff has failed to allege facts that support a plausible claim that defendant Wardrop violated his constitutional rights by the denial or delay of mental health medication and treatment. Under the due process clause of the Fourteenth Amendment, a pretrial detainee is "entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985); *See also Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

An inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In situations where treatment was delayed[1] rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result

---

[1] In his response to the Martinez Report, plaintiff concedes that he has begun receiving at least some of the medication at issue. (See Doc. 22, p. 3.)

5

of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006).

The "deliberate indifference" standard has two components, one objective and one subjective. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)).

In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez*, 430 F.3d at 1305. Moreover, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. See *Estelle*, 429 U.S. at 106-07. The prisoner's right is to medical care-not to the type or

6

scope of medical care he personally desires. A difference of opinion between a physician and a patient or even between two medical providers does not give rise to a constitutional right or sustain a claim under § 1983. *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Even liberally construing the complaint, taking all facts alleged therein as true, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not alleged facts that support a plausible conclusion that Wardrop was aware of facts from which she could have drawn the inference that denying Plaintiff his mental health medication would pose a substantial risk of serious harm. Nor has he alleged facts that support a plausible conclusion that Defendant Wardrop did in fact draw that inference and disregard the risk. Because Plaintiff has not alleged sufficient facts to support the subjective portion of a claim of unconstitutional denial or delay of medical care, he has failed to state a claim upon which relief can be granted.

Finally, the Court notes that the third amended complaint, as well as plaintiff's responses to the Martinez Report, still do not clearly identify the specific allegations of fact on which he wishes to base his claims. Plaintiff continues to make general statements within the complaint and generally refer the court to attached documents. As the court has repeatedly explained to plaintiff, in order to state a plausible claim for relief, he must set out

allegations of fact that "explain what each defendant did to [plaintiff] . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). (See Doc. 3, 7, 14.)

Because plaintiff has now submitted four deficient complaints that fail to allege claims upon which relief under § 1983 may be granted, the court declines to give plaintiff the opportunity to file another amended complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to further amend a complaint may be denied for "repeated failure to cure deficiencies by amendments previously allowed").

## IV. Conclusion

For the reasons stated above, this matter will be dismissed without prejudice for failure to state a claim on which relief may be granted. The Court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA). Section 1915(g) of the PLRA provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

In other words, each time a civil action or an appeal brought by a prisoner is dismissed "as 'frivolous' or 'malicious' or for 'fail[ing] to state a claim upon which relief may be granted,'" it counts as a "strike" against the prisoner. *See Payton v. Ballinger*, 831 Fed. Appx. 898, 902 (10th Cir. 2020). This dismissal constitutes Plaintiff's third strike. *See Lowery v. Kansas*, 21-cv-3107-SAC (D. Kan. 2021); *Lowery v. Kansas*, 20-cv-3266-SAC (D. Kan. 2022). Because Plaintiff now has three strikes, he may not proceed in forma pauperis in a civil action or an appeal without showing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED**.

DATED:  This 29th day of April, 2022, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge